BLUMENTHAL PRINT WORKS, INC., Plaintiff-Appellee, v. JOHNSON, JR., d. b. a. YOUNGSTOWN MATTRESS COMPANY, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4069. Decided April 19, 1960.

*Messrs. Harrington, Huxley & Smith,* for plaintiff-appellee.
*Messrs. Manchester, Bennett, Powers & Ullman,* for defendant-appellant.

For further history see *Omnibus Index* in bound volume.

*Per Curiam.* Plaintiff, Blumenthal Print Works, Inc., is a Louisiana corporation with its principal office in New Orleans, and is engaged in the business of importing and converting fabric used for covering mattresses.

The defendant, Charles H. Johnson, Jr., is the sole proprietor of The Youngstown Mattress Company, and is engaged in the business of manufacturing mattresses in the City of Youngstown.

Plaintiff filed suit against defendant in Mahoning County Common Pleas Court based on a judgment obtained in the Supreme Court of New York, and defendant filed an answer and cross-petition seeking damages for alleged defective material sold and delivered to him by Blumenthal.

Upon trial in the common pleas court the trial judge found in favor of plaintiff and dismissed defendant's counter claim.

Defendant's appeal is on questions of law.

In the period between October 1952, and February 1954, defendant purchased about 5,000 yards of ticking from plaintiff, which in due course was used in the manufacture of mat-

tresses. The mattresses were sold by plaintiff to his customers, consisting mainly of retail department and furniture stores, and carried a ten year guarantee. Between December 1952 and February 1959, one hundred sixty-nine mattresses were returned by defendant's customers and had to be recovered because, due to defective ticking sold by defendant and used by plaintiff, the buttons on the mattresses pulled through the ticking.

When efforts by defendant to obtain a satisfactory adjustment from plaintiff failed, defendant, on advice of counsel, withheld payment of the then current amount due plaintiff for ticking delivered to defendant other than the defective ticking in the amount of $1441.26.

Plaintiff resorted to arbitration before the General Arbitration Council of the Textile Industry in New York City. Defendant objected to this method of settlement of the controversy and refused to participate or be represented at the arbitration. Nevertheless plaintiff appeared, and even though defendant was not present or represented, the arbitrators on January 22, 1957, made an award to plaintiff in the amount of $1,441.26, which was the amount due it from defendant on open account. Nothing regarding defendant's claim for defective material is mentioned in the award.

Plaintiff went into the Supreme Court of New York and ex parte obtained judgment on the award of the arbitrators in the amount of $1,441.26. Defendant received notice by mail of the New York court proceedings, but did not appear in person or by counsel; nor was he ever served with a summons in New York; nor did he have an office in New York, nor did he ever do business in New York.

The New York judgment is the subject of plaintiff's action in this court; and defendant's counterclaim is the damage suffered by reason of the alleged defective material sold and delivered by plaintiff.

Defendant contends the trial court erred in finding the Supreme Court of New York had jurisdiction of defendant to render judgment on the arbitration award against him; and in finding defendant's counterclaim for damages against plaintiff had been considered and disposed of by the arbitration award.

Defendant contends the judgment of the trial court should be reversed and the cause remanded with instructions to dismiss plaintiff's petition and enter judgment for damages in favor of defendant and against plaintiff in accordance with the evidence.

Plaintiff contends defendant is bound by his contract to arbitrate; that he is bound by the award of the arbitrators; and that he cannot now have his claim relitigated in the Ohio courts.

The contracts contained the clause "this contract subject to Worth Street Rules, which are made a part of it."

On page 24B of Worth Street Rules we find the following:—

"Any controversy arising under, or in relation to, this contract shall be settled by arbitration. If the parties are unable to agree respecting time, place, method or rules of the arbitration, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the General Arbitration Council of the Textile Industry, and the parties consent to the jurisdiction of the Supreme Court of said State and further consent that any process or notice of motion or other application to the Court or a Judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed."

Section 2711.01, Revised Code, formerly Section 12148-1, General Code, effective until September 29, 1955, provides:—

"A provision in any written contract, except as provided in division (A) of this section, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

In the case of *Brennan* v. *Brennan*, 164 Ohio St., 29, the syllabus states:—

"It is the policy of the law to favor and encourage arbitration, and every reasonable intendment will be indulged to

give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.

"Where a matter is submitted to an arbitrator for decision, with an agreement that the arbitrator's decision shall be binding upon all the persons involved, such persons are bound by such decision provided there is no fraud or bad faith on the part of the arbitrator and he acts according to the instructions given him."

The trial judge, in the case appealed, made the following findings:—

"1. Plaintiff and defendant entered into a number of contracts for the purchase by defendant and sale by plaintiff of cotton fabrics during the years 1955 and 1956.

"These contracts are found in certain orders by plaintiff, and written acceptances thereto by defendant containing a number of provisions not in the orders; and the acceptance thereafter of the goods by the defendant. The total purchase price of the goods was $1441.26 which has not been paid and is conceded by defendant to be owed the plaintiff.

"2. Defendant has asserted by way of counter claim a claim for damages against plaintiff for $6,000.00 on a breach of warranty because of defective goods bought and sold in the years 1952 and 1953 under previous contracts with similar provisions.

"3. Each contract provided 'this contract subject to Worth Street Rules, which are made a part of it.' The Worth Street Rules (Exhibit PX K-1) were promulgated by the Textile Fabrics Association and others 'as the standard code or procedure and trade custom applicable to the purchase and sale of cotton textiles and allied lines.' Said rules (Page 24B) contain an arbitration clause in part as follows: 'Any controversy arising under, or in relation to, this contract shall be settled by arbitration. If the parties are unable to agree respecting time, place, method or rules of the arbitration, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the General Arbitration Council of the Textile Industry * * *.'

"4. The parties being unable to settle their controversy, defendant on August 1, 1956, by letter (PX 20) gave notice

to the General Arbitration Council that it proposed to submit for arbitration the controversy over ·the allegedly defective material under the provisions of the Worth Street Rules. Plaintiff thereafter followed the procedural steps provided by the Rules to bring about an arbitration. Though in an earlier letter (PX 19) counsel for defendant advised plaintiff that he requested such arbitration in the event that the parties could not agree upon a settlement; defendant thereafter refused to accept arbitration. The arbitration hearing was held on June 22, 1957, without defendant participating therein, and an award was made by the arbitrators as follows: 'In full settlement of the claim of Blumenthal Print Works for payment of its invoices (covering the 1955 and 1956 transactions). Blumenthal Print Works, Inc., is awarded the sum of $1441.26, to be paid to it by Youngstown Mattress Company on or before February 15, 1957, without interest.'

"5. On July 2, 1957, plaintiff moved for confirmation of and judgment on the arbitration award in the Supreme Court of the State of New York, and on July 23, 1957, the judgment was accordingly entered. It is upon this judgment that plaintiff seeks recovery in its petition. Defendant was not served with process in the State of New York nor represented in said court.

"6. The arbitration provision of the Worth Street Rules (Px K-1, Page 24B) also provides for the consent of the parties to the jurisdiction of the Supreme Court of New York, and to the service of process or notices outside of the state by registered mail or personal service, provided reasonable time for appearance is allowed. No contention is made by defendant that the procedure of arbitration or submission to the Court contained in the Worth Street Rules was not followed in this case.

"7. The court finds that by the contracts the defendant was bound by the arbitration provision of the Worth Street Rules, and that although the arbitration award did not, in terms, refer to the controversy over defective material, it can be fairly inferred from the evidence that the arbitrators determined that issue in favor of plaintiff. Defendant therefore is bound on the award and is not entitled to relitigate the issue in this case.

"8. The court further finds that in the contracts the defendant was bound by the provision of the Worth Street Rules, that the parties consented to the jurisdiction of the Supreme Court of the State of New York, and for that reason cannot assert that the judgment of the New York Court was invalid. as based upon invalid service.

"9. Upon the foregoing findings of fact and law the court will enter judgment in favor of plaintiff against defendant on plaintiff's petition, and in favor of plaintiff and against defendant on defendant's counter claim."

The trial court entered judgment in favor of plaintiff for $1,441.26 with interest at the rate of six percent per annum from July 23, 1957, and dismissed defendant's counter-claim.

The trial court in its findings made this statement:—

"The court finds that by the contracts the defendant was bound by the arbitration provision of the Worth Street Rules, and that although the arbitration award did not, in terms, refer to the controversy over defective material, it can be fairly inferred from the evidence that the arbitrators determined that issue in favor of plaintiff. Defendant therefore is bound on the award and is not entitled to relitigate the issue in this case."

The trial court was wholly unwarranted in this finding in inferring from the evidence, that the arbitrators determined the issue presented by the cross-petition. Nowhere in the award, nor in the judgment of the Supreme Court of New York is there any mention of the contracts of 1952 to 1954. These contracts were not conclusively arbitrated, and were not properly before the trial court. Fortunately this excursion of the court beyond the record in this case was not carried into the journal, which is controlling and from which this appeal is taken.

It follows from what we have said elsewhere in this opinion that defendant is bound by his contract to arbitrate; that he is bound by the award of the arbitrators; and that he can not now have his claim relitigated in the courts of Ohio.

After careful consideration of the facts and the law this court now affirms the judgment of the common pleas court.

GRIFFITH, P. J., PHILLIPS and DONAHUE, JJ., concur.